IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

|  |  |  |
|---|---|---|
| NEW MEXICO ENVIRONMENTAL LAW CENTER<br>722 Isleta Blvd SW<br>Albuquerque, NM 87105<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES BUREAU OF INDIAN AFFAIRS<br>1849 C Street, N.W.<br>Washington, D.C. 20240<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CV-24-971 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**INTRODUCTION**

1. Defendant the Bureau of Indian Affairs ("BIA" or "Agency") has violated the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") and unlawfully withheld responsive agency records by unlawfully failing to timely issue a determination in response to a written request for records by Plaintiff, New Mexico Environmental Law Center ("NMELC"), counsel for the Red Water Pond Road Community Association ("RWPRCA") and members of the Red Water Pond Road community, by failing to issue an estimated date of completion for the request, by failing to conduct an adequate search for responsive records, and by withholding responsive records that are not subject to one of FOIA's nine enumerated exemptions. This lawsuit requests an order declaring that Defendant has violated FOIA, enjoining Defendant from withholding responsive

agency records, directing Defendant to issue a final determination and promptly produce all agency records improperly withheld, and providing other relief that circumstances warrant. *See* Ex. 1 ("FOIA Request").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action, including the power "to enjoin [agencies] from withholding agency records and to order the production of any agency records improperly withheld from the complainant" pursuant to 5 U.S.C. § 552(a)(4)(B).

3. This Court also has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1361 (action to compel an officer of the United States to perform his duty).

4. Venue in this Court is proper under 5 U.S.C. § 552(a)(4)(B), which provides venue for FOIA cases in this district, as Plaintiff is headquartered in New Mexico.

5. This Court has statutory authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. This Court has statutory authority to grant injunctive relief pursuant to 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B). The Court retains its full equitable powers to fashion and impose effective remedies for agency FOIA violations.

6. This Court retains all equitable powers to issue prospective relief to remedy agency practices, patterns, and/or policies that violate FOIA.

7. In addition to jurisdiction to compel agency FOIA compliance and to compel release of agency records withheld due to FOIA violations, this Court has statutory authority to refer this matter to the Special Counsel to investigate and make binding recommendations to remedy an agency's conduct involving potentially arbitrary and capricious circumstances surrounding the withholding of agency records. 5 U.S.C. § 552(a)(4)(F).

8. This Court has statutory authority to award costs and attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E).

9. "In the event of noncompliance with the order of the court, the district court may punish for contempt the responsible employee, and in the case of a uniformed service, the responsible member." 5 U.S.C. § 552(a)(4)(G).

10. All claims made in this Complaint are ripe for judicial review and all FOIA violations and harms alleged in this Complaint can be remedied by an order of this Court.

**PARTIES**

11. Plaintiff, NEW MEXICO ENVIRONMENTAL LAW CENTER ("NMELC"), founded in 1987, is a non-profit law center based in Albuquerque, New Mexico, dedicated to providing legal services to frontline communities within the State of New Mexico. Plaintiff's mission is to work with New Mexico's communities to protect their air, land and water in their fight for environmental justice. For years, Plaintiff has assisted and represented Navajo communities, particularly the Red Water Pond Road community, living near the Quivira mine.

12. The Quivira uranium mine began operating in the Red Water Pond Road community in the late 1960s and continued production until 1986. After the mine ceased production, it left behind approximately 1,005,500 cubic yards of mine waste. Red Water Pond Road community members have lived immediately adjacent to the Quivira mine waste piles for decades. In 2010, the United States Environmental Protection Agency ("EPA") began removal and remediation actions of waste in the Red Water Pond Road community under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA" or "Superfund").

13. On March 23, 2024, the U.S. EPA published an Engineering Evaluation/Cost Assessment ("EE/CA") addressing the Quivira mine waste piles cleanup and, for the first time, responded to the Communities' demands to remove the mine waste from their homelands.  The EPA proposed an option to remove the Quivira mine waste and place it in a geotechnically engineered facility at the Red Rock Landfill property, which is privately owned, five miles from Thoreau, New Mexico.  This proposed alternative from the published EPA EE/CA for remediation would remove the mine waste entirely from the Red Water Pond Road and Pipeline Road communities. This alternative would require the Quivira mine waste be disposed of in lined, subgradient trenches, equipped with a leak detection system.

14. Plaintiff derives benefits from agencies' compliance with FOIA and from receipt of public records. Plaintiff frequently submits public records requests to obtain federal agency records and information about federal agencies actions to assist communities in protecting their air, land and water. Agency records assist Plaintiff in ascertaining benefits and detriments of federal agency decisions and policies in assessing potential disparities in treatment and the cumulative impacts on communities. Plaintiff uses this information to educate the public regarding impacts of agency decisions and policies on communities and ecosystems and to assist frontline communities to achieve environmental justice.  Plaintiff intends to continue using FOIA to access public records from Defendant BIA that involve the ongoing physical, health, and environmental impacts of uranium mining and milling on Navajo communities.

15. The Bureau of Indian Affairs, a federal agency within the Department of Interior ("DOI"), maintains land and subsurface mineral rights ownership records for federally recognized tribes such as the Navajo Nation and for individual Navajo Allottees. The land

records maintained by Defendant BIA are relevant and necessary to the development and implementation of the proposed Quivira mine waste disposal site at the Red Rock Landfill. Without compliance with FOIA-imposed duties, Plaintiff's organizational interests will continue to be harmed by denying prompt access to public information in Defendant's possession.

16. The New Mexico Environmental Law Center assisted the RWPRCA with obtaining records of subsurface ownership rights below a portion of the Red Rock Landfill where the proposed disposal site for the Quivira mine waste will be located. Some Navajo Nation officials have alleged tribal or allottee ownership of subsurface rights under the lands of the Red Rock Landfill and consequently have objected to the development of the site by claiming the disposal site will limit their access to minerals beneath the landfill. It is thus necessary for Plaintiff to ascertain the ownership and legal status of the subsurface rights under the Red Rock Landfill at Township 14N, Range 12W, Section 21, southern 1/2 section; and Township 14N, Range 12W, Section 28, northern 1/2 section in order to support and achieve removal of the Quivira mine site waste from the Red Water Pond Road community. The requested records are necessary to address the concerns of subsurface rights holders, if any, so removal and disposal of the Quivira mine waste can move forward as proposed by the EPA.

17. The RWPRCA has borne a disproportionate share of toxic and radioactive contamination and pollution for decades due to the Superfund sites in the Quivira mine/United Nuclear Corporation mill complex area. The Quivira mine complex has just over 1 million cubic yards of waste rock within the Red Water Pond Road community and nearby Pipeline Road community. For nearly two decades, RWPRCA has demanded the removal of the mine waste immediately adjacent to their homes. The preferred option offered by the EPA in the EE/CA for safe removal

of the waste is the first time any federal agency supervising mine remediation in the RWPR community has honored the community's request to remove mine waste from their land rather than simply covering the waste in place. Opponents of EPA's proposal to dispose of Quivira mine waste at the Red Rock Landfill, however, have repeatedly, and without documentation, alleged that disposing mine waste in a portion of Red Rock Landfill would adversely affect access to subsurface mineral rights.

18. On August 9, 2024, Plaintiff submitted a FOIA request to Defendant BIA, through the Department of Interior's FOIA Public Access Link, for records of ownership for the subsurface rights below the Red Rock Landfill property and proposed disposal site to assist the RWPRCA with addressing the opposition to the EPA's EE/CA option to remove the Quivira mine waste to the proposed disposal site.

19. Plaintiff has a particular interest in the subsurface rights ownership records held by Defendant BIA because the records will allow it to evaluate and address whether there are any impediments to the development and implementation of the uranium waste disposal site at the Red Rock Landfill and, if so, how those impediments might be addressed. Plaintiff and RWPRCA have participated in community meetings and events, including EPA community meetings, to bring forward the facts for the public and to enhance the understanding of the proposal and to address concerns about the proposed option for removal of the mine waste and safe disposal at the Red Rock Landfill property.

20. Plaintiff has requested, and has definite plans to continue to request, information created or obtained by federal agencies when supporting and/or scrutinizing federal agency actions that support, impact or impede frontline communities seeking environmental justice.

21. Defendant BIA is a federal agency within the United States Department of Interior. Defendant is in possession and control of the records that Plaintiff seeks and so is subject to FOIA pursuant to 5 U.S.C. § 552(f). Defendant is responsible for fulfilling Plaintiff's FOIA requests to it.

22. The Plaintiff's interests and organizational purposes are directly and irreparably injured by Defendant's violations of law as described in this complaint.

23. Defendant's violations of law have denied Plaintiff the information to which it is entitled, thereby preventing Plaintiff from fulfilling its organizational mission and objectives, to help RWPRCA restore the land and water contaminated by uranium mining, to improve the health of community members, and to protect and preserve the natural and cultural environment of the Red Water Pond Road community.

24. Defendant has further injured Plaintiff by the deprivation of government information to which Plaintiff is entitled by law.  Withholding the agency records involving the subsurface ownership of the Red Rock Landfill prevents Plaintiff from obtaining and disseminating information about the facts of subsurface rights ownership relative to objections raised to the EPA EE/CA preferred alternative and obstructs disclosure of the needed facts of alleged subsurface rights ownership. All delay by Defendant in producing the agency records delays Plaintiff's ability to advocate that the EPA remove the Quivira mine waste from impacted communities and may delay or change the EPA's ultimate decision.

## STATUTORY FRAMEWORK

25. FOIA's fundamental purpose is to ensure governmental transparency by establishing the public's right to access federal agency records and imposing firm deadlines for releasing records in response to FOIA requests. 5 U.S.C. §§ 552(a)(3)(A), (a)(6)(A).

26. Upon receipt of a request, FOIA requires agencies to issue a "determination" within 20 workdays, absent unusual circumstances, and to make requested records "promptly available" thereafter. 5 U.S.C. §§ 552(a)(3)(A), (a)(6)(A)(i), (a)(6)(B).

27. Failure to provide a timely determination in response to a FOIA request is a violation of FOIA.

28. FOIA also requires agencies to provide "an estimated date on which the agency will complete action on the request" for requests that require "longer than ten days to process." 5 U.S.C. § 552(a)(7).

29. FOIA requires federal agencies to conduct a search reasonably calculated to uncover all relevant documents. An agency must consider leads and other positive indications identified during the search that suggest other records might be located outside the scope of its original search. Federal courts measure FOIA compliance by the information known at the completion of the agency search(es).

30. Responsive records may be deemed exempt from FOIA's broad disclosure mandate, so long as the information fits within nine categories of exemptions. 5 U.S.C. § 552(b). Courts narrowly construe these exemptions in light of FOIA's dominant objective of disclosure.

31. Under FOIA, federal agencies bear the burden of proving that withholding information in responsive agency records is proper. 5 U.S.C. § 552(a)(4)(B).

32. In 2016, Congress responded to concerns that agencies overuse these exemptions by imposing an additional, independent, and meaningful burden that now requires an agency showing of foreseeable harm that connects the information in withheld records to a harm recognized by the purposes of the specific Exemption. 5 U.S.C. § 552(a)(8)(A)(i)(I).

33. FOIA requires that agencies release reasonably segregable portions of requested records that are not lawfully exempt. 5 U.S.C. § 552(b)(9).

34. When an agency fails to respond to a FOIA request within the statutory timeframe, it has constructively denied the request. Requestors are then deemed to have exhausted any administrative remedies and may seek judicial relief. 5 U.S.C. § 552(a)(6)(C)(i).  A FOIA requestor may seek injunctive and declaratory relief from the court for public records an agency continues to withhold. 5 U.S.C. § 552(a)(4)(B).

35. Pursuant to FOIA, this Court may assess attorney fees and litigation costs against Defendant if the Plaintiff prevails in this action. 5 U.S.C. § 552(a)(4)(E).

36. FOIA provides statutory authority to refer this matter to the Special Counsel to investigate and make binding recommendations to remedy an agency's conduct and policies based on potentially arbitrary and capricious circumstances surrounding the withholding of agency records. 5 U.S.C. § 552(a)(4)(F).

37. "In the event of noncompliance with the order of the court, the district court may punish for contempt the responsible employee, and in the case of a uniformed service, the responsible member." 5 U.S.C. § 552(a)(4)(G).

38. In addition to the enumerated statutory remedies, the Court retains all inherent and equitable powers to remedy an agency's failure to comply with the FOIA's mandate that, with

some exceptions, "upon any request for records [agencies] shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A).

## STATEMENT OF FACTS

### Request DOI-BIA-2024–001029 - Request for BIA ownership records of subsurface rights

39. On August 9, 2024, Plaintiff submitted a written FOIA Request via the DOI FOIA Public Access Link ("PAL") seeking:

> [A]ny documentation of ownership of any subsurface rights below Township 14N, Range 12W, Section 21, southern 1/2 section; and Township 14N, Range 12W, Section 28, northern 1/2 section.  These half sections are located just to the north and east of Thoreau, New Mexico.
> (Date Range for Record Search: From 01/01/1911 To 08/09/2024).

*See* Ex. 1.

40. On August 9, 2024, Defendant confirmed, via email, that it received the FOIA Request and assigned a tracking number of DOI-BIA-2024-001029.  *See* Exs. 1, 2.

41. As of filing, Defendant BIA has not produced any of the requested records.

42. The August 9, 2024 email from BIA contained no determination on Plaintiff's request for records and no estimated time of completion.

43. As of September 30, 2024 the PAL contained no determination on Plaintiff's request for records and no estimated time of completion.

### BIA's Unlawful Withholding of Records

44. Defendant improperly and unlawfully withheld agency records responsive to FOIA request DOI-BIA-2024-001029.

45. The statutory deadline for Defendant to respond to FOIA Request DOI-BIA-2024-1029 passed on September 9, 2024.

10

46. Defendant has no lawful basis under FOIA for its delay and has provided no lawful basis to withhold the records Plaintiff requested.

47. The relief requested in this lawsuit is required to compel Defendant to promptly provide access to all records responsive to Plaintiff's FOIA request DOI-BIA-2024-001029.

48. Plaintiff has been required to expend costs to initiate legal action.

## FIRST CLAIM FOR RELIEF

**Violation of FOIA: Unlawfully Withholding Agency Records Responsive to FOIA Request**

49. Plaintiff re-alleges and incorporates by reference all allegations in all paragraphs of this Complaint.

50. Plaintiff properly requested records within the possession, custody, and control of Defendant.

51. Defendant BIA is an "agency" subject to FOIA (5 U.S.C. § 552(a)), and therefore, must make reasonable efforts to search for requested records upon a written request. 5 U.S.C. § 552(f)(1).

52. Defendant violated FOIA and unlawfully withheld agency records by failing to gather and make a determination regarding the requested agency records within the statutory period. 5 U.S.C. § 552 (a)(3)(A) and (a)(6)(A)(i).

53. The statutory deadline for Defendant to make a determination on DOI-BIA-2024-1029 passed on September 9, 2024. 5 U.S.C. § 552 (a)(3)(A)(i).

54. Defendant continues to violate FOIA by failing to conduct and document a lawful search for responsive records, which is a condition precedent to a lawful determination.

55. Defendant violated FOIA by illegally withholding agency records that are responsive to the FOIA Request, but which Defendant has not demonstrated are subject to any FOIA withholding provision. 5 U.S.C. § 552(b). FOIA's enumerated Exemptions provide the exclusive basis for an agency to withhold agency records.

56. Defendant continues to violate FOIA and unlawfully withhold records by not making responsive records promptly available to Plaintiff. 5 U.S.C. § 552(a).

57. Plaintiff is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA, for the Office of the Secretary's violation of FOIA. 5 U.S.C. § 552(a)(4)(E).

58. At such time as appropriate, Plaintiff anticipates requesting entry of judicial findings confirming that the circumstances raise questions as to the arbitrary and capricious conduct of agency personnel in processing this FOIA Request and referral to Special Counsel for further investigation and remedy of the arbitrary and capricious conduct. 5 U.S.C. § 552(a)(4)(F).

## REQUEST FOR RELIEF

FOR THESE REASONS, Plaintiff respectfully requests that this Court enter judgment providing the following relief:

1. Enter Findings and Declare that Defendant violated FOIA by unlawfully withholding agency records responsive to Plaintiff's FOIA Request;

2. Enter Findings and Declare that Defendant violated its duty to comply with FOIA's statutory deadlines for responding to Plaintiff's FOIA Request;

3. Direct by injunction that Defendant provide Plaintiff with a lawful determination on its FOIA Request by a date certain;

4. Direct by order that Defendant conduct a lawful search for responsive records;

5.  Direct by order the Defendant provide proof that a lawful search was conducted with a cutoff date set as the date of such order;

6.  Direct by injunction that Defendant promptly provide all agency records responsive to Plaintiff's FOIA Request, that are not subject to withholding pursuant to one of the nine recognized FOIA exemptions;

7.  Direct by order that Defendant provide Plaintiff with a detailed statement justifying each withholding of an agency record, or portions thereof, in accordance with the indexing requirements of *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1974);

8.  Direct by order that Defendant provide Plaintiff with all responsive agency records in the form and format specific in the request, by a date certain within twenty working days of any such order;

9.  Grant Plaintiff's cost of litigation, including reasonable attorney fees as provided by FOIA, 5 U.S.C. § 552(a)(4)(E);

10. Enter a finding that Defendant's conduct involves circumstances that raise questions of whether the agency has unlawfully, arbitrarily, and/or capriciously withheld agency records, and refer the matter for administrative investigation and remedy (5 U.S.C. § 552(a)(4)(F)); and,

11. Provide such other statutory and equitable relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Maslyn Locke*
Maslyn Locke
Ann McCartney
New Mexico Environmental Law Center
P.O. Box 12931

Albuquerque, NM 87195
(505) 989-9022
mlocke@nmelc.org
amccartney@nmelc.org

*Counsel for New Mexico Environmental Law Center*